**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

**Shaun P. Duerr, individually and as next friend of N.D., a minor,**
**Plaintiff,**
**v.**
**Eau Claire Area School District, et al.,**
**Defendants.**
**Case No.** 25-cv-1072-wmc
(To be assigned upon filing)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND COMPENSATORY DAMAGES

*(IDEA, Section 504, ADA Title II, and Constitutional Violations)*

---

## I. INTRODUCTION

1. This is a civil rights and special education action arising from Defendants' **systematic refusal to comply with federal disability law**, resulting in ongoing educational and emotional harm to a minor child.
2. Plaintiff brings this action under the **Individuals with Disabilities Education Act (IDEA)**, **Section 504 of the Rehabilitation Act**, **Title II of the Americans with Disabilities Act (ADA)**, and **42 U.S.C. § 1983**.
3. Plaintiff is a disabled parent and federally protected advocate acting on behalf of his seven-year-old daughter, **N.D.**, who exhibits documented academic regression, trauma-related behavioral symptoms, and suspected neurodevelopmental disabilities.
4. Despite repeated written requests, academic data showing regression, and the District's own acknowledgment of concern, Defendants:
   - Refused to complete Child Find evaluations,
   - Terminated agreed-upon behavioral monitoring,
   - Retaliated against protected advocacy, and
   - Unlawfully deferred to one parent's obstruction, despite clear federal prohibitions.
5. These actions violate federal law, deny N.D. access to IDEA protections, and exclude Plaintiff from participation guaranteed by statute and the Constitution.

---

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper under:
   - 28 U.S.C. § 1331
   - 28 U.S.C. § 1343
   - 20 U.S.C. § 1415(i)(3)

- 29 U.S.C. § 794a
- 42 U.S.C. §§ 12133 and 1983

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant acts occurred within the Western District of Wisconsin.

---

## III. PARTIES

8. **Plaintiff Shaun P. Duerr** is a resident of Minnesota and the biological father and educational rights holder of N.D.
9. **Plaintiff N.D.** is a minor child eligible for protection under IDEA, Section 504, and the ADA and a resident of Wisconsin.
10. **Defendant Eau Claire Area School District** is a public school district receiving federal funds and subject to IDEA, Section 504, and ADA Title II.
11. Individual Defendants are sued in their **official capacities** for declaratory and injunctive relief.

---

## IV. FACTUAL BACKGROUND

### A. Disability Indicators and Educational Harm

12. Beginning in early 2024, N.D. exhibited:
    - Academic regression (including declining math performance),
    - Emotional dysregulation,
    - Trauma-related behaviors,
    - Symptoms consistent with ADHD and trauma-induced disability.
13. Math was historically N.D.'s strongest academic domain. During the period of placement disruption and service denial, her math scores declined significantly, with growth metrics falling into the bottom quartile (Exhibit 13).

---

### B. First Child Find Request and Improper Termination

14. On **September 1, 2025**, Plaintiff submitted a written request for a **comprehensive IDEA evaluation**, supported by academic data and behavioral concerns (Exhibit 1).
15. On **September 10, 2025**, the District proposed **four evaluations**, acknowledging suspected disability (Exhibit 5).
16. On **September 15, 2025**, the other parent objected (Exhibit 6).
17. That same day, Defendants **terminated the evaluation process**, without:
    - Consulting Plaintiff,
    - Seeking mediation or due process,
    - Issuing Prior Written Notice,

- Or pursuing lawful alternatives under 34 C.F.R. § 300.300(b).

---

### C. Behavioral Monitoring Was Unilaterally Terminated

18. In fall 2024 and 2025, the District agreed to **weekly behavioral tracking** to monitor:
    - Emotional regulation,
    - ADHD-related behaviors,
    - Trauma-linked distress.

    Behavioral tracking was proposed and initiated by Plaintiff in collaboration with school staff, and explicitly supported in early team communications.
19. On **October 10, 2025**, District staff and the obstructing parent **unilaterally decided to stop behavioral tracking** (Exhibit 11), without:
    - Notice to Plaintiff,
    - Team review,
    - Or any educational justification.
20. The District later confirmed in writing that behavioral tracking was halted due to a "mutual decision between mom and school."
21. This termination occurred **concurrently with therapy obstruction and placement withholding**, compounding educational and emotional harm.

---

### D. Second Request and Retaliation

22. On **November 14, 2025**, Plaintiff submitted a second formal evaluation request, supported by new academic data.
23. On **December 4, 2025**, Defendants reduced the scope to two evaluations, again without reviewing submitted materials (Exhibit 12).
24. On **December 10, 2025**, Defendants again terminated the process, explicitly deferring to the objecting parent (Exhibit 8).
25. After Plaintiff asserted federal rights, District staff characterized his legally protected advocacy as 'threatening,' chilling participation and interfering with IDEA's collaborative process (Exhibit 10).

---

### E. Obstruction of Trauma Review and Behavioral Monitoring

26. On October 10, 2025, despite documented trauma indicators and ongoing concerns regarding attention, emotional regulation, and academic access, the District—at the request of the obstructing parent—terminated weekly behavioral monitoring that Plaintiff had initiated for ADHD and trauma-related tracking.
27. On December 5, 2025, Plaintiff submitted primary-source trauma evidence to the District's school psychologist, including video documentation of N.D.'s trauma response

during a June 14, 2025 parent-child exchange. Trauma had already been identified by the District as a suspected area of disability in both the September and December Child Find referrals (Exhibit 4).

28. Despite its legal obligation to review parent-provided information relevant to suspected disabilities, the District failed to access or review the submitted trauma evidence and instead deferred to the objecting parent—the documented source of the trauma—to block further evaluation and monitoring.
29. This failure deprived N.D. of trauma-informed assessment, ongoing behavioral tracking, and appropriate educational supports during a critical developmental period.

---

**F. Exhaustion**

30. Plaintiff has exhausted administrative remedies (Exhibits 7,8,9), or exhaustion is excused because Defendants:
    - Refused to issue Prior Written Notice,
    - Blocked access to due process,
    - And rendered administrative remedies futile.

---

## V. CLAIMS FOR RELIEF

## COUNT I

**Violation of IDEA Child Find Obligations**
*(20 U.S.C. § 1412(a)(3); 34 C.F.R. § 300.111)*

31. Defendants failed to identify, locate, and evaluate a child suspected of disability.
32. Terminating evaluations based on one parent's objection violates IDEA's affirmative duties.
33. Defendants' actions caused ongoing educational harm.
34. The District further violated its Child Find obligations by refusing to review trauma evidence and by discontinuing behavioral monitoring directly related to suspected disability domains, despite actual knowledge of trauma-related educational impact.

---

## COUNT II

**Retaliation Under Section 504 and ADA**
*(29 U.S.C. § 794; 42 U.S.C. § 12132)*

35. Plaintiff engaged in protected advocacy.

36. Defendants responded by terminating evaluations, deferring unlawfully to obstruction, and chilling participation.
37. Such conduct constitutes unlawful retaliation.

---

## COUNT III

**Failure to Provide IDEA Procedural Safeguards**
*(20 U.S.C. § 1415; 34 C.F.R. §§ 300.503–300.507)*

38. Defendants failed to issue Prior Written Notice, offer mediation or due process, or provide safeguards.
39. These failures denied meaningful participation and access to FAPE.
40. Defendants failed to reasonably modify procedures to ensure trauma-informed evaluation and monitoring, instead allowing the identified source of trauma to control access to disability-related educational supports.

---

## COUNT IV

**Disability Discrimination – Section 504 and ADA**
*(29 U.S.C. § 794; 42 U.S.C. § 12132)*

41. Defendants denied N.D. meaningful access to educational services and denied Plaintiff equal participation.

---

## COUNT V

**Constitutional Violations — Due Process and Equal Protection**
*(42 U.S.C. § 1983)*

42. Defendants acted arbitrarily under color of state law, depriving Plaintiff and N.D. of constitutionally protected interests. These include the right to advocate for one's child in public education without retaliation or exclusion, and the right of the child to be free from arbitrary denial of federally protected access.
43. Plaintiff was denied equal participation as a parent and advocate.
44. This claim is premised on independent constitutional violations and does not seek to enforce IDEA rights through § 1983.

---

# VI. RELIEF REQUESTED

Plaintiff respectfully requests:

## A. Injunctive Relief

1. **Immediate initiation of comprehensive IDEA evaluations** for N.D. in all suspected disability domains.
2. **Reinstate and continue weekly behavioral tracking and monitoring, including ADHD- and trauma-related domains.**
3. **Prohibition on deferring Child Find obligations to parental objection**, where disability is suspected.
4. **Recognition of Plaintiff's full parental participation rights**, including records access, meeting participation, and data.
5. **Cessation of retaliation** against protected advocacy.
6. **Targeted compliance monitoring**, limited to N.D.'s evaluations and services, if necessary to ensure compliance.

---

## B. Declaratory Relief

Declarations that Defendants violated:

- IDEA Child Find,
- Section 504 and ADA anti-retaliation provisions,
- ADA Title II nondiscrimination mandates,
- and the Fourteenth Amendment.

---

## C. Compensatory Damages

Compensatory damages permitted by law for:

- educational harm,
- emotional distress
- loss and delay of statutory educational benefits,
- denial of services,
- and related compensable injuries.

---

## D. Fees and Costs

Pursuant to 20 U.S.C. § 1415(i)(3), 29 U.S.C. § 794a(b), and 42 U.S.C. § 1988.

---

### F. Further Relief

Any additional relief this Court deems just and proper.

---

## VII. SIGNATURE

Respectfully submitted,
Dated: December 31, 2025

**Shaun P. Duerr**
Pro Se Plaintiff and Next Friend of N.D.
5800 American Blvd W, Apt 216
Bloomington, MN 55437
(630) 308-0462
sduerr85@gmail.com