IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAUN P. DUERR, individually and as next friend of N.D., a minor,

Plaintiffs,

v.

EAU CLAIRE AREA SCHOOL DISTRICT,

Defendant.

OPINION AND ORDER

25-cv-1072-wmc

This is the third case, out of three, that plaintiff Shaun Duerr filed arising out of a divorce and child custody dispute pending in state court. *In re the marriage of Elizabeth Dueer and Shaun Duerr*, 2020FA71 (Rusk Cty. Cir. Ct.). The court dismissed plaintiff's first case, which he had filed against a Wisconsin judge, a guardian ad litem and his ex-wife, based on abstention principles. *Duerr v. Barna*, 25-cv-957-wmc (W.D. Wis. Jan. 27, 2026) (dkt. #16). The court dismissed the second case, which he had filed against the Wisconsin Office of Lawyer Regulation and two OLR officials, based on abstention and plaintiff's failure to state a federal claim on which relief could be granted. *Duerr, et al. v. Wisconsin Office of Lawyer Regulation, et al.*, 25-cv-1071-wmc (W.D. Wis. Jan. 28, 2026). In this third case, plaintiff is suing the Eau Claire Area School District for its alleged failure to provide support and accommodations for his minor daughter, in violation of his and his child's purported rights under the U.S. Constitution, Americans with Disabilities Act ("ADA") and Rehabilitation Act. He seeks monetary, injunctive and declaratory relief, as well as preliminary injunctive relief (dkt. #3.)

As with his previous two cases, plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915. However, the court has the inherent authority to screen the case on its own. *See Mallard v.*

*U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court has completed review of the complaint.

On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But plaintiff's allegations again fail to state a federal claim upon which relief may be granted. The court will dismiss the complaint but will give plaintiff an opportunity to file an amended complaint that states a federal claim.

ALLEGATIONS OF FACT

Plaintiff alleges that in early 2024, his seven-year-old daughter demonstrated academic regression, emotional dysregulation, trauma-related behaviors and symptoms consisted with ADHD and trauma-induced disability. In September 2025, plaintiff submitted a request for an evaluation under the Individuals with Disabilities Education Act ("IDEA"). The district responded by notifying both plaintiff and the child's mother of plaintiff's request, explaining the process for an IDEA evaluation, and stating that both parents would need to consent. After the child's mother declined consent, the district notified both parents that the process would not move forward and the district would not be tracking or evaluating the child.

In November 2025, plaintiff submitted a second request for evaluation for his daughter. But when the child's mother objected again, the district notified both parents that the process

would not move forward. In December 2025, plaintiff submitted a video recording of an exchange between the child's mother and him, which he alleged showed his daughter exhibiting a "trauma response." The district declined to view the video.

## OPINION

Plaintiff contends that in refusing to evaluate his daughter for potential disability and accommodations, the school district: (1) violated its "child find" obligations under the IDEA; (2) retaliated against him for advocating for his daughter, in violation of the ADA and Rehabilitation Act; (3) failed to provide mediation or due process, in violation of the IDEA; and (4) failed to provide his daughter a meaningful education, in violation of the ADA and United States Constitution. However, plaintiff's allegations are not sufficient to state a claim under any of these laws.

The IDEA requires states that accept federal funds to provide a "free appropriate public education" — a FAPE, for short — to all eligible children. 20 U.S.C. § 1412(a)(1). To accomplish this, the statute requires states to identify and evaluate all children with disabilities who may be in need of special education and related services. 20 U.S.C. § 1412(a)(3)(A). This is the so-called "child-find" obligation, which imposes an affirmative obligation on the school district. The duty "is triggered when the [school] has reason to suspect a disability, and reason to suspect that special education services may be needed to address that disability." *Wiesenberg v. Bd. of Educ. of Salt Lake City Sch. Dist.*, 181 F. Supp. 2d 1307, 1310–11 (D. Utah 2002) (citations omitted). Knowledge of a disability may be inferred from written parental concern, the behavior or performance of the child, teacher concern, or a parental request for an evaluation. *See* 20 U.S.C. § 1415(k)(8)(B)(i-iv). However, if a parent fails to consent for a

special education evaluation, a school district is not required to pursue evaluation. *See* 34 C.F.R. § 300.300(a)(3)(i)–(ii) ("If the parent of such child does not provide consent for an initial evaluation ... the local educational agency *may* pursue the initial evaluation of the child by utilizing the procedures described in section 1415 of this title ....") (emphasis added); *see also H.W, by & through Jennie W. v. Comal Indep. Sch. Dist.*, No. SA-21-CV-0344-JKP, 2021 WL 3887696, at *21 (W.D. Tex. Aug. 31, 2021) (noting the "discretionary nature of using the override procedures" after a parent declines consent for evaluation), *aff'd sub nom.,* 32 F.4th 454 (5th Cir. 2022).

That is exactly what plaintiff alleges occurred in this case. Specifically, he says that after he requested a special education evaluation, the district offered one, but the child's mother withheld consent. At that point, the district's "child find" obligations under IDEA were satisfied. Thus, plaintiff has failed to state any claim under the IDEA. *H.L. b/n/f R.L. v. Allen Indep. Sch. Dist.*, No. 4:21-CV-749-SDJ, 2023 WL 8700535, at *8 (E.D. Tex. Dec. 15, 2023) ("[T]he District did not violate its child find obligations by declining to pursue an evaluation of H.L. against his parents' wishes."), *aff'd sub nom.* No. 24-40029, 2024 WL 4457459 (5th Cir. Oct. 10, 2024).

Nor do plaintiff's allegations state a claim under the ADA or Rehabilitation Act. He says that he is bringing claims under Title II of the ADA, under which qualified individuals with disabilities may not, "by reason of . . . disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. The Rehabilitation Act provides similar protections and scope. But plaintiff's allegations do not suggest that the District excluded plaintiff or his daughter, denied either of them any benefits, or retaliated against him because of a disability. Instead, his allegations

suggest that the District terminated its special education evaluation of plaintiff's daughter solely because the child's mother requested that it be terminated, as the District was entitled to do. That action did not amount to discrimination or retaliation.

Because plaintiff's complaint fails to state any viable federal claim against defendant, the court will dismiss it. However, the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), so the court will give plaintiff an opportunity to file an amended complaint that addresses the problems identified above. If he files an amended complaint by the deadline below, the court will again screen it to determine whether his new allegations state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that

1. Plaintiff Shaun Duerr's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff has until **October 1, 2026**, to file an amended complaint that addresses the problems above. Plaintiff's failure to respond by that deadline will cause the court to dismiss his claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Entered this 3rd day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge